# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5363-18T5

IN THE MATTER OF THE
CIVIL COMMITMENT OF C.H.,
SVP-186-01.

_____

Argued telephonically June 15, 2020 –
Decided June 30, 2020

Before Judges Fisher and Fasciale.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. SVP-186-01.

Susan Remis Silver, Assistant Deputy Public Defender, argued the cause for appellant C.H. (Joseph E. Krakora, Public Defender, attorney; Susan Remis Silver, on the briefs).

Stephen J. Slocum, Deputy Attorney General, argued the cause for respondent State of New Jersey (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Stephen J. Slocum, Deputy Attorney General, on the brief).

PER CURIAM

Appellant C.H. is a fifty-four-year old male who has been confined to the

Special Treatment Unit (STU), under the Sexually Violent Predator Act (SVPA),

N.J.S.A. 30:4-27.24 to -27.38, since 2001. He was convicted in 1985 in New York for sexual misconduct, his victim then being an eleven-year old girl. In 1992, C.H. was convicted of aggravated sexual assault, aggravated criminal sexual contact, and endangering the welfare of a child, for which he was sentenced to a fifteen-year prison term; his victim was his fiancée's thirteen-year-old daughter.

A criminal defendant, who has been convicted of a predicate offense – as was C.H. – may be involuntarily committed under the SVPA when found to suffer from "a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for control, care and treatment." N.J.S.A. 30:4-27.26. The committed individual is entitled to annual review hearings to determine the need for continued involuntary commitment. N.J.S.A. 30:4-27.35; N.J.S.A. 30:4-27.32(a).

To warrant commitment, or the continuation of commitment, the State must prove that "the individual has serious difficulty in controlling sexually harmful behavior such that it is highly likely that he or she will not control his or her sexually violent behavior and will reoffend." In re Commitment of W.Z., 173 N.J. 109, 132 (2002); see also In re Commitment of G.G.N., 372 N.J. Super. 42, 46-47 (App. Div. 2004). In that setting, the trial judge must address the

A-5363-18T5

individual's "present serious difficulty with control over dangerous sexual behavior," and the State must establish "by clear and convincing evidence . . . that it is highly likely that the person . . . will reoffend." W.Z., 173 N.J. at 132-34; see also In re Civil Commitment of J.H.M., 367 N.J. Super. 599, 611 (App. Div. 2003). We have previously reviewed and affirmed orders continuing C.H.'s commitment under the SVPA. See In re Civil Commitment of C.E.H., No. A-3822-05 (App. Div. Jan. 19, 2007); In re Civil Commitment of C.E.H., No. A-2150-02 (App. Div. July 16, 2004).

More recently, a commitment review hearing was conducted on June 25, 2019. At that time, the trial judge heard testimony from psychiatrist Dean DeCrisce and psychologist Christine Zavalis, who both testified for the State, and from C.H., and his psychologist, Gianni Pirelli. On July 10, 2019, the judge rendered an oral decision and entered an order that continued C.H.'s commitment.

In appealing, C.H. argues the State failed to meet its burden "because [Dr. DeCrisce] testified that C.H. was highly likely to comply with discharge conditions which would redu[]ce his sexual recidivism risk to below the 'highly likely' to sexually reoffend threshold." In support, C.H. contends Dr. DeCrisce testified that C.H. would not sexually reoffend if he: had appropriate discharge

conditions; avoided being in a relationship with a woman with minor children or grandchildren; did not frequent places where minors might be found; and did not use social media, drugs, or alcohol. C.H. further argues Dr. DeCrisce testified that C.H. would be "highly likely to abide by conditions of conditional discharge."

Dr. DeCrisce, however, also reported in his psychiatric evaluation of C.H. that there were numerous factors that caused him to conclude there was a high risk that C.H. would reoffend, such as his: "reoffense after prior sanction, having a stranger victim, antisociality, evidence of deviant arousal, feelings of social detachment, impulsivity, poor problem solving skills, using sex as a coping strategy, and relatively high victim impact." Dr. DeCrisce also testified about C.H.'s ability to comply with some conditions of a conditional discharge plan:

> I don't think there's anything here to indicate that he entirely rejects the recommendations that are given to him. He does interfere, he does refuse certain components. I just think that he will have problems, that he may argue with the parole officer. He may argue with and storm out of his job if he gets a job. He may storm out of the treatment. He . . . will have problems, but I don't think, at least partially he would refuse or outright refuse. So I'm hedging my answer there because I don't think it's an all or nothing type of thing. You either comply completely, or you don't comply at

all. I think he could mostly comply with, but he will have some compliance issues.

It was comments like these that causes C.H. to argue the State did not prove he was highly likely to reoffend, as was required. Despite Dr. DeCrisce's response that C.H. might partially comply with conditions, however, he did in fact conclude that it is "highly likely" that C.H. would sexually reoffend if conditionally discharged.

After canvassing and weighing all the evidence in a very thorough oral decision, Judge Philip M. Freedman concluded that the State's witnesses were credible and the State proved by clear and convincing evidence that C.H. was highly likely to reoffend. The judge recognized that Dr. DiCrisce's comments about C.H.'s ability to comply with discharge conditions was based on the doctor's opinion that C.H. is, in the judge's words, "three-quarters of the way, if not more, to getting out of the STU," and that he could "get out relatively quickly if he became more honest with himself and more transparent." But, the judge also found that because C.H. has not been "forthcoming and honest with treaters" inside the STU, "he can do the same when he's outside," and that if he is not honest with those available to help him, "they can't help him." Ultimately, despite a landscape that suggests the possibility of a future conditional discharge, the judge recognized that because of the diagnosis, C.H.'s failure to

be forthcoming and honest, and numerous other circumstances, C.H. remains at this time highly likely to reoffend.

The experienced judge's findings were "substantially influenced by [the] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." State v. Locurto, 157 N.J. 463, 471 (1999) (quoting State v. Johnson, 42 N.J. 146, 161 (1964)). And, so, our standard of review is narrow; we defer to judge-made findings when they are supported by evidence in the record and "reverse only for a clear abuse of discretion." In re Civil Commitment of A.E.F., 377 N.J. Super. 473, 493 (App. Div. 2005); see also In re Civil Commitment of V.A., 357 N.J. Super. 55, 63 (App. Div. 2003); In re Commitment of J.P., 339 N.J. Super. 443, 459 (App. Div. 2001). After carefully reviewing the record on appeal in light of the arguments presented, we find no abuse of discretion and no reason to second-guess the judge's fact findings. Instead, we conclude that all the judge's findings are supported by testimony he was entitled to credit, these findings are worthy of our deference, and the judge did not abuse his discretion in continuing C.H.'s commitment under the SVPA.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5363-18T5